UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYCOS, INC. , ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 04-12716-WGY |
| v. ) | |
| ) | |
| TELEFONICA DATA USA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
TELEFONICA DATA USA, INC.'S MOTION TO DISMISS**

Telefonica Data USA, Inc. ("Telefonica") submits this memorandum of law in support of

its motion to dismiss Lycos, Inc.'s ("Lycos") Complaint pursuant to Rule 12(b) of the Federal Rules

of Civil Procedure.

**INTRODUCTION**

The Complaint suffers from two jurisdictional defects. First, and of paramount significance,

the Complaint fails to present an actual case or controversy within the meaning of Article III of the

Constitution and the Declaratory Judgment Act. Lycos filed its Complaint after receiving a letter

from Telefonica charging Lycos with failing to pay certain invoices for communications services

and threatening to terminate Telefonica's contract for the provision of those services if Lycos did

not promptly bring its account current. Wrongly fearing that Telefonica would immediately cease

providing its communications services, Lycos filed a Complaint for declaratory and injunctive relief.

The immediate discontinuance of its services, however, was never within Telefonica's

contemplation – nor the termination provisions of the Lycos/Telefonica contract. Within a week

after the Complaint was filed, by letter dated December 29, 2004, Telefonica affirmed its intention to continue it services and honor the parties' contractual arrangements, thereby voluntarily affording Lycos all the assurances it now seeks in the form of declaratory and injunctive relief from this Court. Presently, there is nothing for the Court to declare or command that Telefonica has not already provided. There exists no actual controversy and this case, therefore, must be dismissed in its entirety.

Further, the Complaint fails to allege sufficient facts to support this Court's exercise of personal jurisdiction over Telefonica. Telefonica has not "purposefully avail[ed] itself of the privilege of conducting activities" in Massachusetts. *Whistler Corp. v. Solar Elecs., Inc.*, 684 F. Supp. 1126, 1131 (D. Mass. 1988), *quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088-89 (1st Cir. 1992). Indeed, all Telefonica has done is enter into a contract with a Massachusetts corporation, a contract that specifically contemplates Telefonica's performance in Miami, Florida. Lycos has failed to allege that Telefonica did anything material in Massachusetts with respect to any of the matters set out in its Complaint, or provide any other basis for the Court's exercise of personal jurisdiction over Telefonica.

For these reasons, the Court should dismiss Plaintiff's Complaint against Telefonica for lack of subject matter and personal jurisdiction under Rule 12(b).

## STATEMENT OF FACTS

On December 20, 2004, Telefonica sent Lycos a letter advising that it would terminate a contract for the provision of networking and communications services (the "Master Service Agreement") with Lycos if Lycos did not bring its account with Telefonica current by 3:00 p.m. on December 30, 2004. (Complaint, Exh. I). Fearing that Telefonica would cease providing its

services under the contract, and that Lycos would "go dark" as a result, Lycos filed this action for declaratory and injunctive relief in Massachusetts Superior Court.[1]  The Complaint sought very limited and narrow relief in the nature of decrees prohibiting Telefonica from suspending its communications services and requiring it to abide with the Master Services Agreement's terms regarding termination and the provision of post-termination "Termination Assistance Services." (Comp., pp. 10-11).  After the Complaint was filed but before the December 30, 2004 termination deadline passed, Telefonica agreed to "provide all required services, under the Transaction Documents (as defined in the Master Services Agreement previously executed by the parties in November 2003), as if notice of termination has not previously been provided . . . ." (Declaration of Barry S. Pollack, Esq. ("Pollack Decl."), Exh. A).  Telefonica further agreed to "provide the Termination Assistance Services requested by Lycos on the terms and conditions set forth in the Transaction Documents," reaffirming its obligations under the Master Services Agreement, and affording Lycos all the substantive relief it sought in its Complaint.  (Id.).  Based upon the foregoing, Telefonica submits that this action has been rendered moot and no "case or controversy" exists so as to vest this Court with jurisdiction over the subject-matter of Lycos's Complaint.[2]

## ARGUMENT

**I.    The Court Lacks Subject Matter Jurisdiction over the Declaratory Judgment Claim**

In order for a federal court to entertain a complaint for declaratory relief there must be an actual controversy before it, as required by Article III of the Constitution and the Declaratory

---

[1]    This action was removed to this Court on December 28, 2004.

[2]    For only the purpose of Telefonica's challenge to the Court's exercise of personal jurisdiction over Telefonica, Telefonica adopts certain of the jurisdictional allegations of the Complaint.

Judgment Act.[3] *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).  The

Supreme Court has held:

> [T]he federal courts established pursuant to Article III of the
> Constitution do not render advisory opinions. For adjudication of
> constitutional issues, 'concrete legal issues, presented in actual cases,
> no[t] abstractions,' are requisite. This is as true of declaratory
> judgments as any other field. . . .The difference between an abstract
> question and a 'controversy' contemplated by the Declaratory
> Judgment Act is necessarily one of degree, and it would be difficult,
> if it would be possible, to fashion a precise test for determining in
> every case whether there is such a controversy. Basically, the
> question in each case is whether the facts alleged, under all the
> circumstances, show that there is a substantial controversy, between
> parties having adverse legal interests, of sufficient immediacy and
> reality to warrant the issuance of a declaratory judgment.

*Zwickler*, 394 U.S. at 108 (internal citations omitted).

Accordingly, federal courts lack subject matter jurisdiction and may not exercise the

discretionary power provided by the Declaratory Judgment Act in the absence of an "actual

controversy" between the parties. 28 U.S.C. § 2201; *Deveraux*, 14 F.3d at 330. *See also Trippe Mfg.*

*Co. v. American Power Conversion*, 46 F.3d 624, 627 (7th Cir.1995) (Declaratory Judgment Act

allows federal courts to render judgments "only where there exists an 'actual controversy': the latter

requirement is a 'jurisdictional prerequisite of constitutional dimensions' ") (internal citation

---

[3]    The Declaratory Judgment Act states:
> In a case of actual controversy within its jurisdiction ... any court of
> the United States upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought. Any such declaration shall have the force and effect of a final
> judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

-4-

omitted).  If no actual controversy exists, subject-matter jurisdiction is lacking, and a claim seeking declaratory relief must be dismissed.[4]

A review of the Complaint filed by Lycos, and the immediately subsequent events, makes clear that no actual controversy presently exists.[5]  The Complaint sought relief in the form of (1) a declaration that Telefonica "not suspend Services upon termination and [that it] must provide the Termination Assistance Services under section 7.4 of the Master Services Agreement . . . ," and (2) and an order "enjoining [Telefonica] from suspending, terminating or otherwise ceasing to provide Services [under the Master Services Agreement] . . . ." (Complaint, p. 10-11).  Before the date set for termination of the Master Services Agreement, however, Telefonica and Lycos agreed it would not be terminated as previously stated, and that Telefonica would "continue to perform, and to provide all required services, under the Transaction Documents (as defined in the Master Services Agreement previously executed by the parties in November 2003), as if notice of termination has not previously been provided. . . ." (Pollack Decl., Ex. A)  The questions Lycos presents to the Court are moot, eliminating any basis for the assertion of jurisdiction over the subject matter of this suit.  *See Stokes v. Wurtsboro*, 818 F.2d 4, 6 (2d Cir.1987); *Carroll v. Butterfield Health Care, Inc.*, 2003 WL 22462604, *4 (N.D. Ill. Oct 29, 2003); *United Artists Theatre Circuit, Inc. v. Sun Plaza Enterprise Corp.*, 1998 WL 938732, *3 (E.D.N.Y. Nov. 05, 1998).  With all due respect to the Court's considerable declaratory acumen, Lycos is not entitled to an advisory opinion by this Court.

---

[4]    The existence of an actual controversy under the Act presents an issue of subject-matter jurisdiction that is properly resolved through Fed. R. Civ. P. 12(b)(1). *Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937 (MBM), 2000 WL 1773511, at *2 (S.D.N.Y. Dec. 4, 2000). In deciding such a motion, the Court may rely on affidavits or other evidence properly before the Court.  *Id.*

[5]    For the purposes of this analysis, whether a case or controversy exists must be judged at the present moment and not at the time the complaint was filed. *Merced Rosa v. Herrero*, 423 F.2d 591, 593 (1st Cir. 1970).

The best – and only constitutionally appropriate – statement of the parties' rights and liabilities under the Master Services Agreement is the Master Services Agreement.

## II.    The Court Lacks Personal Jurisdiction over Telefonica

The Court has no basis upon which to assert personal jurisdiction over Telefonica. Plaintiff bears the burden of establishing that the Court has personal jurisdiction over a defendant. *Gray v. O'Brien*, 777 F.2d 864, 866 (1st Cir. 1985); *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207 n.9 (1st Cir. 1994); *United Elec., Radio and Mach. Workers of Am.*, 960 F.2d at 1090.

This Court has discretion to adjudicate this motion under the *prima facie* standard, the preponderance standard or the likelihood standard. *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir. 1997). "[T]o stave off defeat [even under the prima facie standard, plaintiff] must make the showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." *Id.* at 84 (internal citation omitted). *See also Val Leasing, Inc. v. Hutson*, 674 F. Supp. 53, 55 (D. Mass. 1987) (plaintiff has burden of showing "at minimum that there is competent evidence to support each of the relevant jurisdictional prerequisites"). Moreover, "when deciding a motion to dismiss for lack of personal jurisdiction, a court need not assume the plaintiff's allegations to be true." *Id.*, quoting *Nichols Assocs., Inc. v. Starr*, 4 Mass. App. Ct. 91, 93-94 (1976).

Where, as here, the action is based on diversity jurisdiction, a district court must apply the personal jurisdiction rules of the forum state. *Gray*, 777 F.2d at 866. The Massachusetts long-arm statute "imposes a set of constraints on the assertion of *in personam* jurisdiction in addition to the restraints imposed by the Constitution." *Gray*, 777 F.2d at 866, quoting *Hahn v. Vermont Law Sch.*, 698 F.2d 48, 50 (1st Cir. 1983) (internal quotations omitted). Massachusetts's "long-arm" statute, Mass. Gen. Laws c. 223A, §3(a), "employ[s] a two-part inquiry to determine whether they may

exercise personal jurisdiction over a nonresident defendant:  (1)  is the assertion of jurisdiction authorized by the statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?" *Whistler Corp.*, 684 F. Supp. at 1129 (internal quotations omitted).  Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

A court may obtain either general or specific jurisdiction over a defendant by applying a "minimum contacts analysis." *Id.*  General jurisdiction exists where "the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio and Mach. Workers of Am.*, 960 F.2d at 1088.  In order for specific jurisdiction to exist, (1) "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities"; (2) "the defendant's in-state contacts must represents a purposeful availment of the privilege of conducting activities in the forum state," and (3) "the exercise of jurisdiction must . . . be reasonable." *Id.* at 1089.

**A.    Telefonica Is Not Subject To the General Jurisdiction of the Court**

To demonstrate that the court has general jurisdiction over Telefonica, Plaintiff must demonstrate that Telefonica has "continuous and systematic" contacts with Massachusetts. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619-20 (1st Cir. 2001); *Christopher v. Mount Snow, Ltd.*, No. 95-10352-MLW, 1996 WL 590738, at *4 (D. Mass. Sept. 24, 1996).  "As a threshold matter, the standard for evaluating whether these contacts satisfy the constitutional general

jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions." *Swiss Am. Bank, Ltd.*, 274 F.3d at 619, *quoting Noonan v. Winston Co.*, 155 F.3d 85, 93 (1st Cir. 1998) (internal quotations omitted). Among the factors that courts consider are "instate ownership of property, a license to do business within the state, the payment of state taxes, the instate presence of corporate offices, officers, and employees, contracts signed with state residents, and the volume of business regularly transacted and solicited in the forum State." *In re Lupron Mktg. and Sales Practices Litig.*, 245 F. Supp. 2d 280, 289 (D. Mass. 2003); *Swiss Am. Bank, Ltd.*, 274 F.3d at 619-20.

As alleged, Telefonica is a Florida corporation headquartered in Florida. There is no allegation that it maintains an office or a place of business in Massachusetts. Telefonica has not contracted to supply any services or things in Massachusetts, but rather the parties expressly contemplated in their agreements the provision of Telefonica's services only in Florida. (*See* Schedule C-1 to Ex. C and Schedule D-2 to Ex. D of the Master Services Agreement attached to the Complaint as Exh. A). There is no allegation that Telefonica caused tortuous injury by an act or omission in Massachusetts. As alleged, there is no basis for finding that Telefonica regularly does or solicits business in Massachusetts, or engages in any other persistent course of conduct in Massachusetts, and there is no basis for finding that Telefonica derives substantial revenue from goods used or consumed or services rendered in Massachusetts. As is apparent in the lack of allegations, Telefonica does not have an interest in, use or possess real property in Massachusetts, and does not lease, rent, or otherwise possess real property in Massachusetts; Telefonica does not contract to insure any person, property or risk located within Massachusetts; and, Telefonica also pays no taxes in Massachusetts and maintains no bank accounts in Massachusetts.

**B.     The Court Does Not Have Specific Jurisdiction Over Telefonica For This Matter**

In order for specific jurisdiction (and specific minimum contacts) to exist, (1) "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities"; (2) "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state," and (3) "the exercise of jurisdiction must . . . be reasonable." *United Elec., Radio and Mach Workers of Am.*, 960 F.2d at 1089; *Noonan v. Winston Co.*, 135 F.3d 85, 90 (1st Cir. 1998). This test, however, is not a "mechanical exercise," and "a failure to demonstrate the necessary minimum contacts [under the first two prongs] eliminates the need even to reach the issue of reasonableness. . . ." *Christopher*, 1996 WL 590738, at *5, quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995) (internal quotations omitted).

A defendant has purposefully availed itself of the forum when it "purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on these contacts." *Swiss Am. Bank, Ltd.*, 274 F.3d at 624. Telefonica has not directed any such activities towards Massachusetts. Telefonica simply contracted with a Massachusetts entity expressly for the provision of services in *Miami, Florida.*

Because there is no allegation that Telefonica purposefully availed itself of the privilege of doing business in Massachusetts in connection with the provision of services to Plaintiff, or that it has participated in any forum-state activities, the Court does not have specific jurisdiction over Telefonica in this case.

**CONCLUSION**

For the foregoing reasons, Telefonica respectfully requests that this Court dismiss the action against Telefonica for lack of subject matter and personal jurisdiction.

Respectfully submitted,

DEFENDANT TELEFONICA,

By its attorneys,

Barry S. Pollack (BBO# 642064)
Jill Brenner Meixel (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: January 12, 2005

-10-