UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYCOS, INC., <br><br>             Plaintiff, <br><br> v. <br><br> TELEFONICA DATA USA, INC., <br><br>             Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   Case No. 04-12716 (WGY) |

### DECLARATION OF BARRY S. POLLACK

I, Barry S. Pollack, hereby state that:

1.     I am a partner with the law firm of Donnelly, Conroy & Gelhaar, LLP and counsel of record for Defendant Telefonica Data USA, Inc. ("Telefonica") in this action brought by Plaintiff Lycos, Inc. I make this Declaration in support of Defendant Telefonica's Motion to Dismiss on personal knowledge, unless indicated otherwise.

2.     Attached to this Declaration as Exhibit A is a true and accurate copy of a December 29, 2004 letter from me, on behalf of Telefonica, to Thomas O. Bean, Esq., counsel for Lycos, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2005.

                                                                                 _____
                                                                                              Barry S. Pollack

# DONNELLY, CONROY & GELHAAR, LLP

ONE BEACON STREET
33RD FLOOR
BOSTON, MA 02108

TELEPHONE: (617) 720-2880   FACSIMILE: (617) 720-3554

Barry S. Pollack
bsp@dcglaw.com

December 29, 2004

**Via Facsimile (617) 310-9000**
Thomas O. Bean, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

Re:   Lycos, Inc. v. Telefonica Data USA, Inc., D.Mass. 04-12716 (WGY)

Dear Tom:

As you know, along with Tom Quarles, Esq., of Stearns Weaver, we represent Telefonica Data USA, Inc. ("Telefonica") in the above-referenced action, which has now been removed to federal court. We write to confirm the understandings reached by counsel that eliminate any potential need for an emergency hearing at this time. Based on your re-write of the paragraph immediately following this introduction, and subsequent revisions by and between counsel, this letter supercedes the letter that I wrote to you earlier today.

Without waiving any rights or remedies, Telefonica will continue to perform, and to provide all required services, under the Transaction Documents (as defined in the Master Services Agreement previously executed by the parties in November 2003), as if notice of termination has not previously been provided to Lycos, Inc. ("Lycos"). As a result, before Telefonica actually terminates the Transaction Documents as a result of an alleged default arising from a claimed failure of Lycos to make any payment when due, Telefonica shall first give Lycos notice required under 1.1(j)(iv) of the Master Services Agreement. Should Telefonica provide such notice and Lycos fail to cure such alleged default within five business days after receipt of such notice, Telefonica may terminate the Transaction Documents subject to Lycos' right to argue that such termination was improper. Notwithstanding any such termination, however, Telefonica will provide the Termination Assistance Services requested by Lycos on the terms and conditions set forth in the Transaction Documents. Should the parties disagree on the scope of obligations and/or conditions in connection with the Termination Assistance Services, each of them agrees to cooperate with the other in scheduling an emergency and expedited court hearing for the determination of their rights and responsibilities. Until such hearing, Telefonica will

provide Termination Assistance Services requested by Lycos, provided Lycos pays monthly in advance for such services at an amount equal to the amount Telefonica is currently charging for such requested services under the Transaction Documents. The foregoing shall not, however, prevent Telefonica from arguing that it is entitled to payment, both prospectively and retroactively, for Termination Assistance Services in an amount greater than that currently being charged for such services under the Transaction Documents, and Lycos from arguing that Telefonica is entitled to an amount less than that currently being charged for such services under the Transaction Documents.

The parties, through their counsel, have agreed that this arrangement should not be construed as a waiver or release, but rather only as a good-faith effort to provide additional time for resolving their outstanding issues. Likewise, the parties agree that this arrangement should not be construed as an admission regarding any particular liability or interpretation of the Agreement. Accordingly, this arrangement will not be viewed as a determination of the merits of any claims between the parties. Each of the parties expressly preserves all rights and remedies for any past, ongoing, and/or future breach(es) by the other, including rights to the payment of interest under the Agreement. The parties reserve the right to disagree on the appropriate forum and venue for any proceedings between them. Telefonica expressly reserves its objection to personal jurisdiction over it in Massachusetts.

Please call Tom Quarles at your earliest convenience to arrange a meeting among clients and counsel, as you invited.

Very truly yours,

Barry S. Pollack

cc:   Thomas Quarles, Esq.