UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYCOS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TELEFONICA DATA USA, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> NO. 04-12716-WGY |

## AFFIDAVIT OF TOM QUARLES

BEFORE ME, the undersigned authority, personally appeared TOM QUARLES, who, after being first duly sworn, deposes and states the following:

1. My name is Tom Quarles, and I am over the age of eighteen (18), and am a resident of Miami-Dade County, Florida. I am Telefonica Data USA, Inc.'s ("T-Data") attorney and I have personal knowledge of the matters to which I am testifying to in this Affidavit.

2. On January 4, 2005, I received an email from Thomas Bean, on behalf of Lycos, Inc. ("Lycos") showing Lycos' practical, pre-litigation understanding of the Lycos/T-Data Master Services Agreement. The January 4, 2005 email is attached hereto as Exhibit "A."

3. On January 10, 2005, I received a letter from Thomas Bean, Lycos' Attorney showing Lycos' practical, pre-litigation understanding of the Lycos/T-Data Master Services Agreement. In the letter, Mr. Bean demanded, on behalf of Lycos, that T-Data adjust its price benchmark for certain of its communications services. The January 10, 2005 letter is attached hereto as Exhibit "B." Exhibit B has been redacted so as to only reproduce Lycos' demand, all other references have been redacted.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TOM QUARLES

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF MIAMI-DADE    )

The foregoing instrument was acknowledged before me this 8th day of February, 2005, by TOM QUARLES, who is personally known to me or who has produced a driver's license as identification and who did take an oath.

_Jill K. Mongello_
Notary Public, State of Florida at Large.
Print or Stamp Name:
Commission No.:
My Commission Expires:



JILL K. MONGELLO
MY COMMISSION # DD 383072
EXPIRES: January 29, 2009
Bonded Thru Budget Notary Services

| | |
|---|---|
| From: | "Thomas Bean" <tbean@nutter.com> |
| To: | <tquarles@swmwas.com> |
| Date: | 1/4/2005 5:11:40 PM |
| Subject: | Lycos v. T-Data |

Based on our conversation today, I understand you may have a copy in Spanish of the Strategic Alliance Framework Agreement referred to in the Master Services Agreement. Attached is a copy in English that was filed with the SEC. Provisions herein reflect a "most favored customer" status for the parties. So, the price for Lycos' Termination Assistance Services is to be based on the concept that Lycos is a "most favored customer," and not simply at what I expect is the higher contract price. Any questions, please let me know.

Thomas O. Bean
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2348 (phone)
(617) 310-9348 (fax)

e-mail tbean@nutter.com

EXHIBIT "A"
Quarles Affidavit

# N Nutter

Thomas O. Bean
Direct Line: 617-439-2348
Fax: 617-310-9348
E-mail: tbean@nutter.com

January 10, 2005
105401-2

### FOR SETTLEMENT PURPOSES ONLY

**BY FACSIMILE  305-789-3395 and**
**BY E-MAIL**

Thomas J. Quarles, Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Suite 2500
150 West Flagler Street
Miami, Florida 33130

Re: *Lycos, Inc. v. Telefonica Data USA, Inc.,*
D. Mass., C.A. No. 04-12716-WGY ("Civil Action")

Dear Tom:

**REDACTED**



EXHIBIT "B"
Quarles Affidavit

Thomas J. Quarles, Esq.
January 10, 2005
Page 2



The relevant provisions of the MSA are as follows:

2. Pricing. All pricing for Services shall be in accordance with the Strategic Alliance Framework Agreement between Terra Networks, S.A. and Telefonica, S.A. dated January 29, 2003 ("SAFA") and as set forth in each Exhibit and Customer shall pay Telefonica Data all recurring and non-recurring fees and other charges for Services rendered in the amounts and in the manner specified therein and in the Master Services Agreement General Terms & Conditions. <u>The Parties agree that the monthly recurring charges set forth in the Exhibits are subject to an annual price reduction of ten percent (10%) and Telefonica Data shall revise such charges accordingly on the anniversary date of each Service.</u>

3. Benchmarking. On or about each anniversary of the Effective Date (as defined below) during the Term of the Agreement, the Parties shall meet to review the pricing, quality and charges of the Services. <u>If the Parties determine that the quality or charges are not in accordance with the principles outlined in the SAFA, Telefonica Data shall adjust the quality and/or charges so that both are in accordance with the principles outlined in the SAFA.</u> If the Parties are unable to agree upon whether the quality and charges are in accordance with the principles of the SAFA or regarding the adjustments necessary to bring the quality and charges in accordance with such principles, the Parties shall follow the dispute resolution provisions set forth in the SAFA to resolve their disagreement.

(emphases added).

As you know, the "principle" underlying the SAFA is a "most favored customer" status. Thus, T-Data is obligated not only to provide T-Data with a ten percent reduction in cost as of November 1, 2004 -- which it did not on the November-January invoices -- but it is obligated to renegotiate the charges for Services if those charges are not consistent with Lycos' status as a most favored customer.

Dean has advised Zeke that Lycos has received an offer of $22 per square foot for space, and $33/Mbps, along with free power (for which Lycos is now paying T-Data $19,200 per month). To comply with the most favored customer status of the contract, T-Data should offer Lycos prices at least equivalent to those, if not better.

**REDACTED**

Thomas J. Quarles, Esq.
January 10, 2005
Page 3



Thank you for your attention to this matter.

Very truly yours,

Thomas O. Bean

1393842.1