UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYCOS, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>TELEFONICA DATA USA, INC.,<br><br>      Defendant. | CIVIL ACTION<br>NO. 04-12716-WGY |

**TELEFONICA DATA USA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS**

Telefonica Data USA, Inc. ("T-Data") respectfully submits this notice of recent supplemental authority in further support of its motion to dismiss. Specifically, on the same day as oral argument on the pending motion to dismiss, the First Circuit decided *Furness v. Wright Med. Tech., Inc.*, No. 04-1832, 2005 WL 665321 (1st Cir. Mar. 23, 2005) (reversing a "district court's refusal to enforce the forum selection clause in an arbitration provision that was part of a distribution agreement"). This decision relates to the arbitration provision in the Master Services Agreement between the present parties, which expressly requires the appointment of neutral arbitrators in Madrid who have no relationship to the parties.

Attached hereto as Exhibit A is a copy of the *Furness* decision.

Respectfully submitted,

TELEFONICA DATA USA, INC.

By its attorneys,

/s/ Jill Brenner Meixel
Barry S. Pollack (BBO# 642064)
Jill Brenner Meixel (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: March 28, 2005

# EXHIBIT A

Only the Westlaw citation is currently available.

United States Court of Appeals,
First Circuit.
In re Gregory Anthony MERCURIO, Jr., Debtor.
Peter J. Furness, in his capacity as Trustee of the
Distribution Trust for the
Bankruptcy Estate of Gregory A. Mercurio, Jr.,
Plaintiff, Appellee,
v.
Wright Medical Technology, Inc., Defendant,
Appellant.
No. 04-1832.

Heard Dec. 6, 2004.
Decided March 23, 2005.

**Background:** Trustee of bankrupt distributor's Chapter 11 estate brought suit against company whose products it distributed for company's alleged breach of terms of distribution agreement, and company moved to compel arbitration in Tennessee in accordance with forum selection clause in arbitration provision of this agreement. The United States Bankruptcy Court for the District of Rhode Island entered order compelling arbitration, but in Rhode Island where bankruptcy case was pending rather than in Tennessee, and company appealed. The District Court, Ronald R. Lagueux, J., affirmed.

  **Holding:** On further appeal, the Court of Appeals, Torricelli, Circuit Judge, held that trustee, in bring suit to recover for alleged breach of distribution agreement, stood in debtor's shoes and could no more avoid arbitration in contractually agreed forum, based simply on showing of inconvenience, than could debtor.
  Reversed in part and remanded.

**[1] Arbitration** ⚖︎1.1

33k1.1 Most Cited Cases
Arbitration is contractual matter in which, absent unusual circumstances, parties are entitled to the measure that they bargained for.

**[2] Bankruptcy** ⚖︎2081
51k2081 Most Cited Cases
Bankruptcy court could not refuse to enforce forum selection clause in arbitration provision included in contract between Chapter 11 debtor and company whose products it distributed, and direct that arbitration proceed in state where Chapter 11 case was pending, based solely on increased costs to estate or inconvenience to trustee of having to participate in arbitration in distant forum; trustee, in bring suit to recover for alleged breach of distribution agreement, stood in debtor's shoes and could no more avoid arbitration in contractually agreed forum, based simply on showing of inconvenience, than could debtor.

**[3] Contracts** ⚖︎141(1)
95k141(1) Most Cited Cases
Heavy burden of proof required to set aside a forum selection clause demands more of litigant than simply a showing that another location would be more convenient.

**[4] Contracts** ⚖︎127(4)
95k127(4) Most Cited Cases
Something considerably more than mere inconvenience of traveling to litigate in a different, even faraway, foreign jurisdiction or the increased costs of doing so is required to overcome contractual agreement to do so.

**[5] Bankruptcy** ⚖︎2083
51k2083 Most Cited Cases
Burden was on Chapter 11 trustee, as party arguing against enforcement of forum selection clause in arbitration provision of debtor's agreement, to provide factual record establishing basis for his challenge to forum selection clause.

**[6] Contracts** ⚖︎127(4)
95k127(4) Most Cited Cases
Courts must give effect to freely negotiated forum selection clauses.

**[7] Arbitration** ⚖︎7.8
33k7.8 Most Cited Cases
Parties' choice of arbitral forum should be honored by court, which may not rewrite parties' agreement and compel arbitration of their dispute in forum which is not one of those enumerated in arbitration agreement's forum selection clause.
 Appeal from the United States District Court for the District of Rhode Island, Ronald R. Lagueux, U.S. District Judge.

James L. Beausoleil, Jr., with whom Matthew A. Taylor, Duane Morris LLP, George E. Lieberman, and Tillinghast Licht Perkin Smith & Cohen, LLP were on brief, for appellant.

Barbara H. Kramer, with whom Mitchell A. Kramer and Kramer & Kramer were on brief, for

appellee.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and STAHL, Senior Circuit Judge.

TORRUELLA, Circuit Judge.

*1 Appellant Wright Medical Technology, Inc. ("Wright Medical"), a Tennessee corporation, appeals from the district court's refusal to enforce the forum selection clause in an arbitration provision that was part of a distribution agreement (the "Agreement") between Wright Medical and Ocean State Orthopedics, Inc. ("OSO"), a Rhode Island corporation. The district court affirmed a bankruptcy court's order that the arbitration of an underlying dispute regarding the Agreement take place in Rhode Island, contrary to the Agreement's plain language that the arbitration take place in Tennessee.

Because appellees have failed to show that the enforcement of the forum selection clause is unreasonable under the circumstances, we reverse the district court's decision. *See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)* (a "forum [selection] clause should control absent a strong showing that it should be set aside"); *Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 (1st Cir.2001)* ("The prevailing view towards contractual forum-selection clauses is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.' ") (quoting *The Bremen, 407 U.S. at 10*). [FN1]

I

Wright Medical manufactures and distributes medical supplies from its principal place of business in Tennessee. In September 1995, Wright Medical entered into the Agreement with OSO, whereby OSO became the exclusive distributor for Wright Medical products in Rhode Island. [FN2] Appellee Gregory A. Mercurio, Jr., ("Mercurio"), was the president of OSO and signed the Agreement on its behalf.

Article 14 of the Agreement, entitled "Tennessee Contract," provides that it "shall be governed by and interpreted in accordance with the laws of the State of Tennessee." Article 16 of the Agreement, entitled "Arbitration of Disputes," is central to this appeal. It provides, in relevant part:

*All disputes* arising in connection with this Agreement, *including the interpretation,* performance or non-performance of this Agreement, *shall* be settled *in Memphis, Tennessee, USA,* by arbitration in front of one Arbitrator. Such arbitrator shall be appointed by agreement of each of the parties. The arbitration procedures shall be held in accordance with the rules and procedures of The American Arbitration Association.
Any such arbitration shall be conducted in the English language and *shall be governed by laws of the State of Tennessee. Judgment upon the award may be entered in any court of competent jurisdiction of the State of Tennessee.*

(emphasis supplied).

In 1996, for reasons that are in dispute, [FN3] Wright Medical terminated the Agreement. Thereafter, Wright Medical proceeded to appoint another distributor for its products in Rhode Island.

At some point not relevant to this appeal, Mercurio filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Act, 11 U.S.C. §§ 1101 *et seq.,* and Peter J. Furness ("Trustee") became the trustee in bankruptcy.

*2 Five years after termination of the Agreement, the Trustee, on behalf of Mercurio, commenced the present suit as an adversary proceeding against Wright Medical in the U.S. Bankruptcy Court for the District of Rhode Island. The substance of this action concerns an alleged breach of contract by Wright Medical in terminating the Agreement. Wright Medical moved the bankruptcy court to compel arbitration of that controversy pursuant to the terms of the Agreement. The bankruptcy judge granted this request, but ordered the arbitration to take place in Rhode Island rather than in Tennessee as stipulated in the Agreement.

[1] The record is fairly sparse as to the reasoning of the bankruptcy court in bypassing the Agreement's unambiguous language in this respect. The order itself merely states in conclusory language that the "arbitration take place in Rhode Island." From the transcript of the proceedings, however, it is apparent that the bankruptcy judge felt that there was a need to resolve the case with some celerity, and that

sending the matter to Tennessee for arbitration, where none of the witnesses or evidence was present, would militate against this goal. Although we cannot fault the judge's laudable purpose, arbitration is a contractual matter in which, absent unusual circumstances not present in this case, the parties are entitled to the measure that they bargained for.

The bankruptcy judge's order was appealed to the district court, where the arguments followed suit to those made before the bankruptcy court. Thus, the transcript of the proceedings shows that the presence of witnesses in Rhode Island spurred the Trustee's argument, and in turn, the district judge's oral determination affirming the bankruptcy court's order. The district judge found that the Trustee would be "serious[ly] inconvenienc[ed] in litigating in Memphis, Tennessee," and "effectively deprived of his day in court," and thus designated Rhode Island as the place of arbitration. *Cf. Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp.*, 810 F.Supp. 369, 372-73 (D.R.I.1993).

## II

[2][3][4] The " 'heavy burden of proof' ... required to set aside [a forum selection] clause on grounds of inconvenience," *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), demands more of a litigant, however, than simply showing that another location would be more convenient. Were it otherwise, forum selection clauses would almost never be enforceable, for inconvenience to at least one of the parties is an almost forgone conclusion when dealing with a provision that requires litigating away from one's home turf. Yet these clauses are standard fare in today's multi-jurisdictional and international contractual relationships. At the time these contracts are entered into, the parties routinely, voluntarily, and knowingly agree to litigate and/or be bound by the decision of fora located in distant locations. Thus, something considerably more than the mere inconvenience of traveling to litigate in a different, even faraway foreign jurisdiction, is required to overcome a contractual agreement to do so. *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda*, 906 F.2d 45, 49 (1st Cir.1990) ("[A] showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement."). The cost of such litigation alone cannot be enough to meet the "heavy burden" imposed upon the reneging party, who may now have second thoughts. *Cent. Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir.1966) ("Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things.").

*3 The record in this case is bare of specific evidence regarding the extraordinary additional costs involved in litigating in Tennessee that were not foreseen by the contracting parties when they entered into the Agreement. OSO accepted some costs beforehand as a normal consequence of arbitrating in Tennessee. *See The Bremen*, 407 U.S. at 17-18; *Moses v. Business Card Exp. Inc.*, 929 F.2d 1131, 1139 (6th Cir.1991) (increased expenses are "inherent in a forum selection clause"). With a distributorship in Rhode Island, the likelihood existed that witnesses and evidence would be located there rather than in Tennessee. OSO, however, chose to commit to Tennessee as the forum for dispute resolutions. The Trustee stands in the debtor's shoes and is not entitled to avoid the forum selected by OSO on mere allegations of inconvenience. *See In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1052 (3d Cir.1987) ("[N]either the bankruptcy court's intimate knowledge of nor [defendant's] concessions concerning [plaintiff-debtor's] precarious financial condition operates to discharge its burden of establishing grave inconvenience under *The Bremen* [doctrine].").

[5] The district judge's bare conclusion that the Trustee would be "deprived of his day in court" is unsupported by any evidence in the record. The Trustee was required to provide a *factual* record establishing the basis for his challenge to the forum selection clause. *Fireman's Fund Am. Ins. Cos. v. Puerto Rican Forwarding Co.*, 492 F.2d 1294, 1297 (1st Cir.1974) (a party must present evidence to establish that a forum selection clause is unreasonable); *Arrow Plumbing*, 810 F.Supp. at 372-73 (enforcing a forum selection clause where party failed to provide factual support for the assertion that it would be unable to pursue the matter in the selected forum). We find no evidence in the record that would support the conclusion that requiring the parties to arbitrate their dispute in Tennessee would deprive the Trustee of his day in court.

[6][7] We finish with language which should have a familiar ring by now:
> Courts must give effect to ... freely negotiated forum selection clauses.... [The parties'] choice of arbitral forum should have been honored by the district court. Courts may not rewrite the parties' agreements and compel arbitration of their dispute in a forum which is not one of those enumerated in an arbitration agreement's forum selection clause.
> *KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 52 (1st Cir.1999)
(internal citations omitted).

The district court must order appellants to file their arbitration in Tennessee. The decision of the district court is reversed in part and the case is remanded for action consistent with this opinion.

*Reversed in part and Remanded.*

> FN1. Although we acknowledge the precedential validity of the principle last presented in *Young v. Levanthal*, 389 F.3d 1 (1st Cir.2004) (the applicability of a forum selection clause in an arbitration agreement is a matter of procedure to be decided by the arbitrator), and its probable applicability to the present circumstances, this issue was not argued by the parties before either the bankruptcy or district courts, nor briefed or argued before us, and is thus deemed waived. *See, e.g., Garcia-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 645 (1st Cir.2000) (holding that failure to brief an argument constitutes waiver) (internal citations omitted); *Sprague v. Dir., Office of Workers' Comp. Programs, U.S. Dept. of Labor*, 688 F.2d 862, 869 (1st Cir.1982) (declining to reach and decide an issue that was not briefed or developed in oral argument by either party). *See also Playboy Enters. v. Public Serv. Comm'n*, 906 F.2d 25, 40 (1st Cir.), *cert. denied*, 498 U.S. 959, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990) ("An appellant waives any issue which it does not adequately raise in its initial brief.").

> FN2. The Agreement excepted sales made to certain specified medical entities.

> FN3. Wright Medical claims that, because Mercurio suffered from chronic immunodeficiency illness, he was impeded from being present during surgical procedures, a situation which allegedly adversely affected Wright Medical's performance of the contract. In turn, Mercurio contended that his presence in the operating room was not a requirement under the Agreement.

2005 WL 665321 (1st Cir.(R.I.))